**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH RICKS,<br><br>                     Plaintiff,<br><br>v.<br><br>LOWES; LOWE'S HOME CENTERS LLC; and DOES 2 to 10,<br><br>                     Defendants. | Case No.: 3:25-cv-02300-W-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 13] |

Before the Court is the parties' Joint Motion to Modify Scheduling Order. ECF No. 13 ("Joint Motion"). Therein, the parties request a 90-day extension of all case deadlines. *Id.* ¶ 16. This is the parties' first request to extend case deadlines. Based on a review of the Joint Motion and the record, and for the reasons described below, the Court **DENIES** the Joint Motion **WITHOUT PREJUDICE**.

## I.    LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)(4)'s "good cause" standard "primarily considers

the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W. States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A *Wright, Miller & Kane, Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* "If the moving party was not diligent, the inquiry should end." *Id.*; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the Parties to meet current deadlines and reasons why the Parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## II.   DISCUSSION

The parties represent that they are working together "cooperatively and diligently" to complete discovery and prepare for mediation, including still working to understand Plaintiff's injuries, waiting on outstanding subpoenas, and scheduling depositions, some of which were delayed due to "unforeseen circumstances." ECF No. 13 ¶¶ 6–10. Further, the parties agree on a private mediator to "conduct the Court-ordered ADR proceeding" and, based on the mediator's calendar and limited availability, indicate that the mediation cannot proceed until at least July 2026. *Id.* ¶ 7.

Notably absent from the Joint Motion is any specific details concerning what discovery has occurred thus far, accompanied by dates as to when that discovery took place, *i.e.*, dates the parties issued subpoenas, propounded written discovery, etc. As such, the Court cannot evaluate whether the parties were diligent in pursuing discovery in the last five months, following issuance of the Court's Scheduling Order. The parties' general representation that they were "diligent" or reference to "unforeseen circumstances" does not demonstrate good cause. The parties also failed to file a supporting declaration with the requisite details, as required by the undersigned's Chambers Rules. *See* J. Torres Chambers Rules § VI.D.3.

Furthermore, while the parties reference private mediation, there is no representation that a mediation is in fact scheduled for a date certain before a private mediator. Moreover, contrary to the Joint Motion, the Court did not order an "ADR proceeding" and the parties are not required to engage in private mediation. *See* ECF No. 13 at ¶ 7. Instead, the parties are scheduled to participate in a Mandatory Settlement Conference set for May 20, 2026 at 9:30 a.m. before the undersigned. ECF No. 9. The parties are welcome to engage in private mediation if they wish, but the Court will not delay this case based solely on the representation that they agreed on a private mediator.

## III.   CONCLUSION

Therefore, based on a review of the Joint Motion and the record, and for the reasons described above, the Court **DENIES** the Joint Motion **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: April 22, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

3

3:25-cv-02300-W-VET